IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIDNEY PETERSON,           )
                           )
            Plaintiff,     )
                           )
      v.                   )    No. 09 C 1839
                           )
CITY OF CHICAGO, et al.,   )
                           )
            Defendants.    )

MEMORANDUM ORDER

This Court's judicial role does not of course extend to passing judgment on the current policy of the City of Chicago ("City") as to the non-settlement of 42 U.S.C. §1983[1] claims--a policy that in at least some instances is reminiscent of the aphorism famously attributed (though perhaps inaccurately) to our late 18th century Minister to the French Republic, Charles Cotesworth Pinckney:

> Millions for defense, but not one cent for tribute.

This small potatoes Section 1983 action,[2] after some 2-1/2 years of preparation by counsel, has been reported by both sides' counsel as having generated a settlement demand of $1500, which

---

[1] Further citations to Title 42 provisions will take the form "Section --."

[2] No view is expressed here as to the merit or lack of merit in the constitutional claim advanced by plaintiff Sidney Peterson ("Peterson")--instead "small potatoes" simply refers to the demand that Peterson's experienced Section 1983 practitioner Kenneth Flaxman has made as the basis for possible settlement. What this Court can say is that Peterson's Complaint satisfies the Fed. R. Civ. P. ("Rule") 12(b)(6) "plausibility" test prescribed by the Twombly-Iqbal canon.

has been flatly rejected by outside counsel for the City, coupled with an insistence that the case go to trial.

As such, this case could well serve as the poster child for those who oppose the current position of City's lawyers as unduly inflexible. This Court will not enter that debate other than to say that the vaunted advantages ascribed to the non-settlement policy in the way of heading off frivolous lawsuits (of which this action is not one--see n.2) have not, to this Court's knowledge, ever been contrasted with an empirical study of the financial impact of cases that, with settlement having been rejected, have gone to trial and have resulted in damage awards greater than (and sometimes much greater than) a monetary level at which settlement would have been available.

In any event, obviously frustrated by what he viewed as intransigence on the part of City's counsel, Peterson's lawyer most recently announced that he was reducing Peterson's ad damnum to $20 and has thus, as he contends, eliminated the right to a jury trial under the Seventh Amendment. Nothing daunted, City's lawyers have filed a document captioned Defendants' Statement in Support of Their Right to Trial by Jury ("Statement"). Advancing a kind of "gotcha!" argument, they point to the potential for an award of costs and fees if Peterson is successful at trial, thus assertedly pushing the lawsuit over the line into Seventh Amendment jury trial territory.

That argument is downright disingenuous, for any potential award of attorney's fees in Section 1983 actions is expressly made under Section 1988(b) "as part of the costs"--and costs are of course awarded by the court and play no part in a jury's determination of damages.

Indeed, defense counsel's disingenuousness is exemplified by the Statement's citation to, and quotation from, Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998):

> Legal fees may count toward the amount in controversy when the prevailing party is entitled to recovery them as part of damages.

Cutting that quotation short in that manner is totally deceptive, for the very next sentence of the opinion (id.) goes on to say:

> Things are dicier when a statute calls for a award of fees as part of costs, for then the rule that "interests and costs" do not count toward the jurisdictional minimum would take over.

Gardynski-Leschuck was speaking of the amount-in-controversy concept in the context of diversity of citizenship cases, but the language of the Seventh Amendment embraces the same concept of differentiating between the roles of judge and jury.

It is really a shame to have been compelled to spend time and effort (judicial as well as lawyers') on an issue that could so readily be made to vanish by a reasonable approach, rather than one that can fairly be viewed as calling 28 U.S.C. §1927 into play. In sum, this Court rejects defense counsel's concluding prayer:

3

Defendants request the Court preserve their jury trial demand.

　　　　　　　　　　　　　　　　　／s／ Milton I. Shadur
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　Senior United States District Judge

Date:  October 4, 2011